**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------X
WILLIE GUERRERO,

                      Plaintiff,             No.: 2:15-cv-07449-DRH-AKT

    -against-


GC SERVICES LIMITED PARTNERSHIP,

                      Defendant.
-------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

                                        David M. Barshay, Esquire
                                        BARSHAY SANDERS, PLLC
                                        100 Garden City Plaza, Suite 500
                                        Garden City, New York 11530
                                        Tel: (516) 203-7600
                                        Fax: (516) 706-5055
                                        dbarshay@barshaysanders.com
                                        *Attorneys for Plaintiff*

## **TABLE OF AUTHORITIES**

**Cases**

*Abramov v. I.C. Sys., Inc.*,
   65 F.Supp. 3d 323 (E.D.N.Y. 2014) .................................................................................. 4

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) .............................................................................................. 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009). ......................................................................................................... 3

*Avila v. Riexinger & Associates, LLC*,
   817 F.3d 72 (2d Cir. 2016) ............................................................................................ 3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................... 3

*Conley v. Gibson*,
   355 U.S. 41 (1957) ............................................................................................................ 1

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ........................................................................................... 1

*Flagler v. Trainor*,
   663 F.3d 543 (2d Cir. 2011 .............................................................................................. 3

*Hall v. N. Bellmore Union Free Sch. Dist.*,
   No. 08-CV-1999 JS ARL, 2010 WL 1049280 (E.D.N.Y. Mar. 18, 2010) *on reconsideration*,
   2010 WL 2267399 (E.D.N.Y. May 30, 2010) .................................................................. 2

*Innomed Labs, LLC v. Alza Corp.*,
   2002 WL 1628943 (S.D.N.Y. July 23, 2002) ................................................................... 2

*Milanese v. Rust-Oleum Corp.*,
   244 F.3d 104 (2d Cir. 2001)……………………………………………………………1, 2, 3

*Ricciuti v. N.Y.C. Transit Auth.*,
   941 F.2d 119 (2d Cir. 1991) .............................................................................................. 2

*State Teachers Retirement Board v. Fluor Corp.*,
   654 F.2d 843 (2d Cir. 1981) .......................................................................................... 1, 2

*Sumitomo Electric Research Triangle v. Corning Glass Works*,
   109 F.R.D. 627 (S.D.N.Y.1986) ....................................................................................... 2

**Statutes**

15 U.S.C.

§ 1692e ............................................................................................................................ 3
§ 1692g(a)(1) .................................................................................................................... 3
§ 1692k ....................................................................................................................... 2, 4

**Federal Rules of Civil Procedure**

8 ........................................................................................................................................ 3
12 .................................................................................................................................., ... 3
15 ....................................................................................................................................... 1

# I
# PRELIMINARY STATEMENT

This memorandum is submitted in support of Plaintiff's motion for an order pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) for leave to file a First Amended Complaint.

# II
# PROCEDURAL HISTORY

The relevant procedural history is set forth in the accompanying Declaration of David M. Barshay (DE 32), filed simultaneously herewith. A copy of the proposed First Amended Complaint is annexed thereto.

# III
# ARGUMENT

As a general matter, amendments are favored in order to "facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). For this reason, in instances where, such as here, Court leave is requested, leave should be freely given absent undue delay, bad faith, futility of the amendment, or prejudice to the opposing party. *See* Rule 15(a)(2); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Indeed, the policy favoring amendments should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1050 (9th Cir. 2003).

A.  *There Has Been No Undue Delay or Bad Faith:*

Pursuant to the Scheduling Order (DE 28), Plaintiff has until August 19, 2016, to move to amend his Complaint, and, as explained in the accompanying Declaration, Plaintiff complied with the Court's minute Order of June 2, 2016. Additionally, the parties have not engaged in any

discovery. As such, it is beyond cavil that there has been no undue delay or bad faith exhibited by Plaintiff, nor can there be any serious claim of prejudice by Defendant. *See generally State Teachers Ret. Bd.*, 654 F.2d, at 856.

### B. *The Amendment Is Not Futile:*

As a threshold matter, it must be noted that the statute of limitations applicable to the proposed Amended Complaint has yet to run. *See* 15 U.S.C. § 1692k(d)(3). Accordingly, in that regard, the amendment cannot be deemed futile. Additionally, it must be stressed the proposed Amended Complaint asserts *no new theory of liability* as to Counts One, Two and Three, and, in fact, removes the class claim. The only "new" Counts are Four and Five (related to the failure to adequately set forth the amount of the debt) and Count Six (actual damages suffered as a result of the statutory violations), which are not futile.

"Futility . . . is a minimal standard to overcome-perhaps the lowest bar." *Hall v. N. Bellmore Union Free Sch. Dist.*, No. 08-CV-1999 JS ARL, 2010 WL 1049280, at *3 (E.D.N.Y. Mar. 18, 2010) *on reconsideration*, No. 08-CV-1999 JS ARL, 2010 WL 2267399 (E.D.N.Y. May 30, 2010) *quoting Innomed Labs, LLC v. Alza Corp.*, No. 01–CV–8095, 2002 WL 1628943, at *2 (S.D.N.Y. July 23, 2002). Whether a proposed amended complaint is futile is judged by the same standards as those governing the adequacy of a filed pleading. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Milanese*, 244 F.3d, at 110). In granting a motion to amend, the court must only "satisfy itself that it is colorable and not frivolous." *Id. quoting Sumitomo Electric Research Triangle v. Corning Glass Works,* 109 F.R.D. 627, 628 (S.D.N.Y. 1986). Unless the claim is patently frivolous, the court is directed to exercise liberality in permitting it to be added by amendment. *Id.*; *see also Sumitomo Elec. Research Triangle*, 109 F.R.D. at 628. Here, it cannot be said that Plaintiff's claim is patently frivolous.

2

Moreover, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.,* if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese*, 244 F.3d at 110.

In this regard, under FRCP 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court explained that, in order to survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." In this regard, "a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id. at* 678. The Second Circuit has made clear that while *Twombly* imposed a "plausibility requirement" on pleadings under Rule 8, it did not change the Rule 8 pleading standard. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). As such, dismissal of a complaint pursuant to Rule 12(b)(6) will be affirmed "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011).

Here, proposed Counts Four and Five allege Defendant failed to adequately convey the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1) and § 1692e, as supported by the recent Second Circuit decision in *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016). In support of his claims, Plaintiff has alleged, *inter alia*: Defendant's letter failed to disclose whether his alleged balance may increase due to interest and fees, as required by law

3

(*Proposed First Amended Complaint,* ¶¶ 85-89, 104-105, 107-112); because of the lack of this disclosure, he was confused and uncertain as to the amount of the debt, and how he could satisfy the debt, not knowing whether he could satisfy the debt by remitting the sum stated in the letter at any time after he received the letter, or whether payment was required by a certain date (*Id.,* ¶¶ 89-103, 113-116); and that he suffered actual damages as a result of Defendant's actions. (*Id.,* ¶¶ 119-127). It is beyond cavil that these facts state a plausible claim concerning a violation of 15 U.S.C. § 1692g(a)(1) and § 1692e. *See Avila v. Riexinger & Associates*, supra.

Concerning proposed Count Six, the FDCPA allows a Plaintiff to recover for actual damages (15 U.S.C. § 1692k[a][1]), and Plaintiff has adequately pled such. *See Abramov v. I.C. Sys., Inc.*, 65 F.Supp.3d 323, 327 (E.D.N.Y. 2014) ("Nothing in the FDCPA requires an allegedly aggrieved party to plead 'actual damages' in detail.")

For the foregoing reasons, the proposed amendment is not futile.

## IV
## CONCLUSION

For the reasons set forth herein, Plaintiff should be granted leave to file a First Amended Complaint.

Dated: July 7, 2016

                                                        Respectfully submitted,

                                                        _____s/__*David M. Barshay*_____
                                                        David M. Barshay, Esquire (DB1790)
                                                        BARSHAY SANDERS, PLLC
                                                        *Attorneys for Plaintiff*
                                                        100 Garden City Plaza, Fifth Floor
                                                        Garden City, New York 11530
                                                       Telephone: (516) 203-7600
                                                       Fax: (516) 706-5055
                                                       dbarshay@barshaysanders.com