**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------X

WILLIE GUERRERO,

Plaintiff, No.: 2:15-cv-07449-DRH-AKT

-against-

GC SERVICES LIMITED PARTNERSHIP,

Defendant.

-------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

David M. Barshay, Esquire
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………...………...iii

I. PRELIMINARY STATEMENT……………………………………………………………..1

II. ARGUMENT……………………………………………………………………………….2

A. Article III Standing in FDCPA Actions After *Spokeo*…………………………….……..2

B. Plaintiff Has Sufficiently Alleged He Suffered an Injury-in-Fact…………………….6

C. 12(b)(6) v. 12(b)(1)…………………………………………………………………....8

III. CONCLUSION………………………………………………………………………..…9

# TABLE OF AUTHORITIES

## Cases

*Abramov v. I.C. Sys., Inc.*,
65 F.Supp.3d 323 (E.D.N.Y. 2014) ........ 8

*Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO (AFSCME) v. Nassau Cty.*,
609 F.Supp. 695 (E.D.N.Y. 1985) ........ 9

*Anderson News, L.L.C. v. Am. Media, Inc.*,
680 F.3d 162 (2d Cir. 2012)........ 8

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
958 F.Supp. 895 (S.D.N.Y. 1997) *aff'd.* 130 F.3d 1101 (2d Cir. 1997) ........ 9

*Basile v. Levittown United Teachers*,
17 F.Supp.3d 195 (E.D.N.Y. 2014) ........ 9

*Chapman v. Dowman, Heintz, Boscia & Vician, P.C.*,
2016 WL 3247872 (N.D. Ind. June 13, 2016) ........ 5

*Church v. Accretive Health, Inc.*,
2016 WL 3611543 (11th Cir. July 6, 2016)(unpublished opinion) ........ 3, 4, 6

*In re Nickelodeon Consumer Privacy Litig.*,
2016 WL 3513782 (3d Cir. June 27, 2016) ........ 4

*JTE Enterprises, Inc. v. Cuomo*,
2 F.Supp.3d 333 (E.D.N.Y. 2014) ........ 8

*Lane v. Bayview Loan Servicing, LLC*,
2016 WL 3671467 (N.D. Ill. July 11, 2016)........ 4, 5, 6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555, 112 S.Ct. 21306, 119 L.Ed.2d 351 (1992)........ 2

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000)........ 8

*Mey v. Got Warranty, Inc.*,
2016 WL 3645195 (N.D.W.Va. June 30, 2016) ........ 5

*Nyberg v. Portfolio Recovery Associates, LLC*,
2016 WL 3176585 (D.Or. June 2, 2016) ........ 5

*Ordonez v. Green Tree Servicing, LLC*,
2016 WL 3658684 (D. Nev. July 8, 2016) .......... 3

Ortho Pharmaceutical Corp. v. Cosprophar, Inc.,
828 F.Supp. 1114 (S.D.N.Y. 1993) *aff'd.* 32 F.3d 690 (2d Cir. 1994) .......... 9

*Robins v. Spokeo, Inc.*,
742 F.3d 409 (9th Cir. 2014) .......... 2

**Statutes**

15 U.S.C.
§ 1692e .......... 3, 6, 7
§ 1692g .......... 4, 5, 7
§ 1692g(a)(1) .......... 3, 7
§ 1692g(a)(2) .......... 6

**Federal Rules of Civil Procedure**

12(b)(1) .......... 1, 8, 9
12(b)(6) .......... 8
15(a) .......... 1
15(a)(2) .......... 8, 9

**Other Authorities**

Consumer Financial Protection Bureau Amicus Brief
*Bock v. Pressler & Pressler, LLP*, Case: 15-1056 (3rd. Cir. June 3, 2016)…...…………5

## I
## PRELIMINARY STATEMENT

This reply memorandum is submitted in further support of Plaintiff's motion for an order pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) for leave to file a First Amended Complaint. *Docket Entry* ("*DE*") 31.

Although fully discussed in Plaintiff's moving papers, two points must be stressed in light of Defendant's argument raised in its opposition to this motion:

1. The statute of limitations applicable to the proposed Amended Complaint has not expired; and

2. The proposed Amended Complaint asserts *no new theory of liability* as to Counts One, Two and Three. The only "new" Counts are Four and Five (related to the failure to adequately set forth the amount of the debt) and Count Six (actual damages suffered as a result of the statutory violations).

Rather than address the only relevant issue – to wit, whether Counts Four, Five and Six state a plausible claim for relief – Defendant argues only that Plaintiff fails to allege an "injury in fact." Defendant is simply wrong. Indeed, as discussed *infra*, Plaintiff has clearly alleged an "injury in fact" – to wit, an injury that is both "particularized" and "concrete" – conferring this Court's subject-matter jurisdiction.

## II
## ARGUMENT

### A. Article III Standing in FDCPA Actions After *Spokeo*:

It is well settled that to have Article III standing a plaintiff must have suffered an "injury-in-fact." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed. 2d 351 (1992). An injury-in-fact is a harm that is both "particularized" and "concrete." *Id.* In *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413 (9th Cir. 2014), in the context of an action under the Fair Credit Reporting Act ("FCRA"), the Ninth Circuit Court of Appeals held that the plaintiff adequately pled an injury-in-fact because he alleged the defendant "violated *his* statutory rights, not just the statutory rights of other people." *See Robins v. Spokeo, Inc.*, 742 F.3d 409, 413 (9th Cir. 2014) (emphasis in original.) On May 16, 2016, in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), *as revised* (May 24, 2016), the Supreme Court handed down its much-awaited review of the Ninth Circuit's decision. The Court reaffirmed its position that to "establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 112 S.Ct. at 2136). As such, the Court vacated and remanded the Ninth Circuit's opinion, instructing the Ninth Circuit to consider whether the plaintiff's injury was also sufficiently "concrete" to satisfy Article III's injury-in-fact requirement. *Spokeo*, 136 S.Ct. at 1550.

The Court noted that a "concrete" injury must be "*de facto*"; that is, it must actually exist. *Spokeo*, 136 S. Ct. at 1548. However, the Court made clear that to be "concrete," an injury need not be tangible, and reiterated that "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* at 1549 (quoting *Lujan*, 112 S.Ct. at 2145). Thus, "the violation of a procedural right granted by statute can be

sufficient in some circumstances to constitute injury in fact." *Id*. The Court added that the "risk of real harm" could mean "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" and "a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* (emphasis in original).

Not surprisingly, there is a dearth of cases addressing FDCPA claims, post-*Spokeo*.[1] However, those that have been handed down all support Plaintiff's position here. The only applicable Court of Appeals case, *Church v. Accretive Health, Inc.*, 2016 WL 3611543 (11th Cir. July 6, 2016)(unpublished opinion), is directly on point. In *Church*, the plaintiff filed a putative class action alleging violations of the FDCPA. Specifically, like Plaintiff here, Church alleged the debt collector violated 15 U.S.C. § 1692g(a)(1) and § 1692e by not including in its collection letter certain required disclosures. *Id.*, at *1. Church did not allege that she suffered actual damages, but simply that as a result of the letter she "was very angry" and "cried a lot." *Id.* Defendant argued that Church's injury was not sufficiently concrete to support Article III standing, and Church countered that a violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury-in-fact. *Id.*

After a thorough analysis of *Spokeo*, (*Id.*, at *1-3), the Court turned to the application of the case in the context of § 1692g(a)(1) and § 1692e violations. *Id.*, at *3. Finding Church had standing, the Court held:

> "The FDCPA creates a private right of action, which Church seeks to enforce. The Act requires that debt collectors include certain disclosures in an initial communication with a debtor, or within five days of such communication. *See* 15 U.S.C. § 1692e(11);

[1] A *Westlaw* search for "Spokeo" and "FDCPA" reveals only five (5) cases rendered after May 16, 2016. One of these cases, *Ordonez v. Green Tree Servicing, LLC*, 2016 WL 3658684 (D. Nev. July 8, 2016), is inapposite to the issue here and therefore is not discussed. *Id.*, at *6 (finding *Spokeo* analysis moot because FDCPA claims fail for other reasons).

> 1692g(a)(1)–(5). The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act. *See* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person ....") Thus, through the FDCPA, Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures.
>
> * * *
>
> It is undisputed that the letter [the debt collector] sent to Church did not contain all of the FDCPA's required disclosures. Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, 'real'—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ___, 136 S. Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement."

*Id.* (footnoted omitted); *see also In re Nickelodeon Consumer Privacy Litig.*, 2016 WL 3513782, at *7 (3d Cir. June 27, 2016) (providing a similar *Spokeo* analysis).

Likewise, in *Lane v. Bayview Loan Servicing, LLC*, 2016 WL 3671467 (N.D. Ill. July 11, 2016) the Court examined Article III standing after *Spokeo* in a claim seeking only statutory damages for violations of 15 U.S.C. § 1692g. In *Lane*, the debt collector moved to dismiss, alleging plaintiff lacked standing because he sought only statutory damages and did not suffer any concrete harm. *Id.* at *3. In denying the motion to dismiss and finding plaintiff had standing, the Court first examined Congress' intent in enacting the FDCPA:

> "Congress declared that many debt collectors use abusive, deceptive, and unfair debt collection practices. Without the protections of the FDCPA, Congress determined, the existing laws and procedures for redressing these injuries are inadequate to protect consumers. To prevent unsuspecting debtors from paying invalid debts, or paying more than truly owed, Congress equipped debtors with the right to demand verification of the debt (and its amount) within thirty days of receiving an initial debt-collection communication from a debt collector."

*Id.* at *4 (internal citations and quotation marks omitted.) Next, the Court determined that the failure to adequately provide the information required by § 1692g is a "concrete" injury under Article III:

> "This right to information is similar to the information-access interests protected by the Freedom of Information Act and other federal laws that authorize access to government records. Indeed, the right to get information to verify a debt is arguably *more* concrete than the right to obtain government records. The debtor is getting information in an attempt to verify a *monetary* obligation that the creditor asserts. In contrast, a FOIA plaintiff is often seeking to vindicate an interest in learning the premise of government decisions. As important as that interest is (and it is extremely important), there is an abstract quality to it when compared to cold, hard cash (figuratively speaking)."

*Id.* (parentheticals in original); *see also Nyberg v. Portfolio Recovery Associates, LLC*, 2016 WL 3176585, at *7 (D.Or. June 2, 2016) (granting plaintiff judgment on the pleadings concerning the debt collector's *Spokeo* affirmative defense, finding concrete injury sufficiently alleged); *Chapman v. Dowman, Heintz, Boscia & Vician, P.C.*, 2016 WL 3247872, at *1 (N.D. Ind. June 13, 2016) (approving FDCPA class-action settlement, finding plaintiff has standing under *Spokeo*); *see also Mey v. Got Warranty, Inc.*, 2016 WL 3645195 (N.D.W.Va. June 30, 2016) (providing comprehensive *Spokeo* analysis under TCPA); *see also* Consumer Financial Protection Bureau Amicus Brief in *Bock v. Pressler & Pressler, LLP*, Case: 15-1056 (3rd. Cir. June 3, 2016) (annexed hereto as "Exhibit 1").

**B. <u>Plaintiff Has Sufficiently Alleged He Suffered an Injury-in-Fact:</u>**

To establish an injury-in-fact, a plaintiff must allege an injury that is both "particularized" and "concrete" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* In the context of an action to recover for a statutory violation, "particularity" may be satisfied by a plaintiff's allegations that the defendant "violated *his* statutory rights, not just the statutory rights of other people," or that the plaintiff's interests are "individualized rather than collective." *Id.* For an injury to be "concrete," it must "actually exist." *Id.* To be sure, it is not necessary for the alleged injury to be monetary. *Lane*, 2016 WL 3671467, at *3. Rather, as made clear by the Supreme Court, "'[c]oncrete' is not, however, necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete. *Id.* at 1549. In the context of an FDCPA action, "concreteness" can be satisfied by an allegation that the FDCPA provides a certain right, and that such right was violated by Defendant. *Church*, 2016 WL 3611543, at *3; *see also Lane*, 2016 WL 3671467, at *4.

Concerning Counts One and Two, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a)(2) and § 1692e, respectively, by its failure to adequately set forth the "name of the creditor to whom the debt is owed" as required by 15 U.S.C. § 1692g(a)(2). Specifically, Plaintiff alleges he does not owe money to any entity named "Sprint," does not have any account with any entity named "Sprint," never contracted with any entity named "Sprint," and that Defendant's claim that he owes money to "Sprint" is false. (DE 32-1, at ¶¶ 27-30, 53-55). Plaintiff further alleges that because of the stated insufficiencies and false allegations in Defendant's collection letter (Id., at ¶¶ 24-25, 31-32, 37-38, 53-55), he was unaware of what the

alleged debt represents, was confused and uncertain as to which of the more than one hundred (100) disparate entities registered in New York that begin their legal name with "Sprint" is the entity that Defendant was alleging he owes money, and was deceived as to the name of the alleged creditor. (Id., at ¶¶ 26, 35-36, 41-44, 58-63). Finally, in Count Six, Plaintiff alleges that as a result of the Defendant's actions, he was, *inter alia*, worried, aggravated, frustrated confused and embarrassed, and distracted from his work (Id., at ¶¶ 119-122). He alleges he also fought with his wife about the debt and consulted with a bankruptcy attorney. (Id., at ¶¶ 123-127).

Concerning Count Three, Plaintiff alleges Defendant violated 15 U.S.C. § 1692g by including certain language which caused him to be confused and uncertain as to his validation rights. (Id., at ¶¶ 71, 74, 78-80.) Specifically, Plaintiff alleges that the inclusion of the language quoted in those paragraphs caused him, *inter alia*, to be confused as to the time frame to dispute the debt, led him to believe that there was a prior initial written letter from Defendant, and led him to believe that his time to dispute the debt had already expired. (Id., at ¶¶ 77, 81-82). Again, in Count Six, Plaintiff alleges that as a result of the Defendant's actions, he was, *inter alia*, worried, aggravated, frustrated confused and embarrassed, and distracted from his work (Id., at ¶¶ 119-122). He alleges he also fought with his wife about the debt and consulted with a bankruptcy attorney. (Id., at ¶¶ 123-127).

Concerning Counts Four and Five, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a)(1) and § 1692e, respectively, by its failure to adequately convey the amount of the debt as required by 15 U.S.C. § 1692g(a)(1). Specifically, Plaintiff alleges that Defendant failed to disclose whether the stated "balance due" may increase due to interest and fees. (Id., at ¶¶ 88-89, 95-96, 111-112). Plaintiff further alleges that because of this failure, Plaintiff was, *inter alia*, confused and uncertain as to the amount of the debt, confused and uncertain as to how he could

satisfy the debt, and was deceived as to the amount of the debt. (Id., at ¶¶ 99-103, 115-116). Again, in Count Six, Plaintiff alleges that as a result of the Defendant's actions, he was, *inter alia*, worried, aggravated, frustrated confused and embarrassed, and distracted from his work (Id., at ¶¶ 119-122). He alleges he also fought with his wife about the debt and consulted with a bankruptcy attorney. (Id., at ¶¶ 123-127).

In summary, Plaintiff alleges Defendant violated *his* statutory rights, and that such violations affected *him* in a personal and individual way. Further, Plaintiff alleges that the effects of Defendant's violations, while mostly intangible (non-monetary), actually existed and some still exist. Plaintiff has further alleged tangible (monetary) damages as a result of Defendant's violations. *See Abramov v. I.C. Sys., Inc.*, 65 F.Supp.3d 323, 327 (E.D.N.Y. 2014) ("Nothing in the FDCPA requires an allegedly aggrieved party to plead 'actual damages' in detail.") For the foregoing reasons, Plaintiff's claims here satisfy *Spokeo*. That is, it is beyond cavil that Plaintiff has sufficiently alleged an injury that is both "particularized" and "concrete." Defendant's arguments to the contrary are pure sophistry.

**C. <u>12(b)(6) v. 12(b)(1):</u>**

The adequacy of a proposed amended complaint under Rule 15(a)(2) is judged by the same standards as those governing motions under Rule 12(b)(6). *See generally Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Moreover, the standard for reviewing Rule 12(b)(6) motions is essentially identical to the 12(b)(1) standard, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *JTE Enterprises, Inc. v. Cuomo*, 2 F.Supp.3d 333, 337-38 (E.D.N.Y. 2014 *citing Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court may

consider matters outside the pleadings, including affidavits submitted by the parties. *Basile v. Levittown United Teachers*, 17 F.Supp.3d 195, 204 (E.D.N.Y. 2014) *citing Makarova*, 201 F.3d at 113. As such, should this Court see fit to convert Defendant's opposition to Plaintiff's Rule 15(a)(2) motion into an affirmative motion under Rule 12(b)(1) – which Plaintiff argues would be procedurally improper[2] – Plaintiff respectfully requests leave to submit an affidavit from Plaintiff in opposition to such converted motion.

## III
## CONCLUSION

Defendant's only argument in opposition to Plaintiff's motion is that the amended Complaint fails to allege an "injury in fact." As such, Defendant has waived all other arguments concerning the propriety of the amended complaint. *See Ortho Pharmaceutical Corp. v. Cosprophar, Inc.,* 828 F.Supp. 1114, 1129 (S.D.N.Y. 1993) *aff'd.* 32 F.3d 690 (2d Cir. 1994) (recognizing that party's failure to address claim raised in adversary's papers indicates concession); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F.Supp. 895, 907 (S.D.N.Y. 1997) *aff'd.* 130 F.3d 1101 (2d Cir. 1997) ("[U]nder New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

As Defendant's argument concerning standing is meritless, Plaintiff should be granted leave to file a First Amended Complaint.

Dated: July 19, 2016

---

[2] *See Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO (AFSCME) v. Nassau Cty.*, 609 F.Supp. 695, 701 (E.D.N.Y. 1985)("Motions to dismiss for lack of subject matter jurisdiction should, however, be brought specifically under Rule 12(b)(1), not 'Rule 12(b)' nor Rule 12(b)(6). This distinction can be significant in that facts outside of the pleadings may be considered on a 12(b)(1) motion, while such material cannot be considered in conjunction with a 12(b)(6) motion.")

Respectfully submitted,

s/ *David M. Barshay*

David M. Barshay, Esquire (DB1790)
BARSHAY SANDERS, PLLC
*Attorneys for Plaintiff*
100 Garden City Plaza, Fifth Floor
Garden City, New York 11530
Telephone: (516) 203-7600
Fax: (516) 706-5055
*dbarshay@barshaysanders.com*